# EXHIBIT 1

| Summons | CIVIL DOCKET NO. 20CV878C | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br><br>John Mahoney,   Plaintiff(s)<br>vs.<br><br>Royston, LLC and Innovative Defendant(s)<br>Building Concepts, Inc. | | Dennis P. McManus   Clerk of Courts<br>Worcester   County<br><br>COURT NAME & ADDRESS:<br>Worcester Superior Court<br>225 Main Street<br>Worcester, Massachusetts 01608 |

THIS SUMMONS IS DIRECTED TO  Royston, LLC   (Defendant's name)
1556 Old Elbert Road, Royston, GA

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's *Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original response** with the Clerk's Office for Civil Business, Superior Court
   225 Main Street, Worcester, MA 01608 (address), by mail or in person **AND**

   b) Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address:
   Law Offices of Michael M. Kaplan, 291 Main Street, Milford, MA 01757

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

*Complaint, Civil Action Cover Sheet and Civil Tracking Order

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS                                       SUPERIOR COURT DEPARTMENT
                                                    CIVIL ACTION NO. _____

| | |
|---|---|
| JOHN MAHONEY, | ) |
| PLAINTIFF | ) |
| | ) |
| VS. | ) |
| | ) |
| ROYSTON, LLC and | ) |
| INNOVATIVE BUILDING CONCEPTS, INC., | ) |
| DEFENDANTS | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, John Mahoney is a natural citizen of the Commonwealth of Massachusetts with a residential address of 32 Grove Street, Apt. 1, Milford, Worcester County, Massachusetts.

2. The Defendant, Royston, LLC, upon information and belief, was the General Contractor and does not have a Registered Agent in the Commonwealth of Massachusetts. Upon information and belief, however, the Defendant does have a principal place of business of 1556 Old Elbert Road, Royston, GA.

3. The Defendant, Innovative Building Concepts, Inc. upon information and belief, is a foreign corporation registered to do business in the Commonwealth of Massachusetts with a principal office of 1349 Charlotte Highway, Fairview, NC. Their registered agent is Registered Agents, Inc. with an address of 82 Wendell Ave, Suite 100, Pittsfield, Berkshire County, Massachusetts.

1

## COUNT I – NEGLIGENCE
### John Mahoney v. Royston, LLC

4. The Plaintiff reincorporates paragraphs 1 through 3 as if fully set forth herein.

5. At all times material hereto, the Plaintiff worked for 7-Eleven, Inc. as a store manager.

6. Upon information and belief, the Defendant, Royston, LLC was acting as the General Contractor or supervising contractor at all times referenced in this action.

7. At all times material hereto, the Plaintiff was in the exercise of due care.

8. The Defendant's business is remodeling of operating convenience stores.

9. On August 23, 2017, the Plaintiff was sitting at a computer. A ladder was placed by the Defendant, Royston, LLC or by someone the Defendant is responsible over a door frame. When the door opened, it forced the ladder away from where it was resting and struck the Plaintiff in the head, shoulders and neck.

10. The Defendant owed a duty of care to the Plaintiff.

11. The Defendant, Royston, LLC owed a duty of overall job site safety.

12. The Defendant, Royston, LLC owed a duty of care to properly supervise the subcontractors.

13. The Defendant, Royston, LLC had a non-delegable duty of job site safety.

14. The Defendant breached its duty of care to the Plaintiff when the Defendant's employees failed, refused or neglected to secure their work equipment (ladder) in a safe manner so as to avoid striking the Plaintiff.

15. The Defendant breached its duty of care when it failed to place the ladder in a safe place where it would not cause harm to a third person.

16. The Defendant, Royston, LLC failed to conduct safety inspections at the jobsite.

17. As a direct and proximate result of the breach(es) of duty of care from the Defendant to the Plaintiff, the Plaintiff was injured, had surgery, incurred medical expenses and lost wages.

WHEREFORE, the Plaintiff, John Mahoney prays for Judgment against the Defendant, Royston, LLC in an amount consistent with the facts determined at trial, together with interest and costs of this action.

## COUNT II – NEGLIGENCE
### John Mahoney v. Innovative Building Concepts, Inc.

18. The Plaintiff reincorporates paragraphs 1 through 17 as if fully set forth herein.

19. At all times material hereto, the Plaintiff worked for 7-Eleven, Inc. as a store manager.

20. Upon information and belief, the Defendant, Innovative Building Concepts, Inc. was acting as the Sub Contractor or supervising contractor at all times referenced in this action.

21. At all times material hereto, the Plaintiff was in the exercise of due care.

22. The Defendant's business is remodeling of operating convenience stores.

23. On August 23, 2017, the Plaintiff was sitting at a computer. A ladder was placed by the Defendant, Royston, LLC or by someone the Defendant is responsible over a door frame. When the door opened, it forced the ladder away from where it was resting and struck the Plaintiff in the head, shoulders and neck.

24. The Defendant owed a duty of care to the Plaintiff.

25. The Defendant breached its duty of care to the Plaintiff when the Defendant's employees failed, refused or neglected to secure their work equipment (ladder) in a safe manner and so as to avoid striking the Plaintiff.

26. As a direct and proximate result of the breach of duty of care from the Defendant to the Plaintiff, the Plaintiff was injured, had surgery, incurred medical expenses

3

and lost wages.

WHEREFORE, the Plaintiff, John Mahoney prays for Judgment against the Defendant, Innovative Building Concepts, Inc. in an amount consistent with the facts determined at trial, together with interest and costs of this action.

THE PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES.

Respectfully Submitted,
The Plaintiff,
John Mahoney,
By His Attorney,

_/s/ Michael Kaplan_

Michael M. Kaplan, Esquire, BBO#554910
LAW OFFICES OF MICHAEL M. KAPLAN
291 Main Street
Milford, MA  01757
(508) 473-1161
mike@kaplanslaw.com

Dated : July 21, 2020

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | John Mahoney | COUNTY | Worcester |
|---|---|---|---|
| ADDRESS: | 32 Grove Street, Apt. 1 | | |
| | Milford, MA 01757 | DEFENDANT(S): | Royston, LLC and |
| | | | Innovative Building Concepts, Inc |
| ATTORNEY: | Michael M. Kaplan | | |
| ADDRESS: | 291 Main Street | ADDRESS: | 1556 Old Elbert Road, Royston, GA 30662 |
| | Milford, MA 01757 | | c/o Registered Agents, Inc., 82 Wendell Ave, Ste. 100, Pittsfield, MA 01201 |
| BBO: | 554910 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence-Personal Injury | F | [X] YES  [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [X] NO

Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................................................... $ 10,000 (est)
  2. Total doctor expenses ................................................................................................ $ 5,000 (est)
  3. Total chiropractic expenses ........................................................................................ $
  4. Total physical therapy expenses ................................................................................ $
  5. Total other expenses (describe below) ...................................................................... $
                                                                                                Subtotal (A): $15,000

B. Documented lost wages and compensation to date ................................................. $214,766
C. Documented property damages to date ................................................................... $
D. Reasonably anticipated future medical and hospital expenses ................................ $5,000
E. Reasonably anticipated lost wages .......................................................................... $661,284
F. Other documented items of damages (describe below) ........................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Contractor's ladder struck Plaintiff in the head, neck & shoulder. Injuries required surgery and the Plaintiff has been out of work for 3 years without the likilihood of returning to work given his age, education, physical limitations & transferrable skills.

TOTAL (A-F): $896,050

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):
                                                                                                TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X                    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X  /s/ Michael Kaplan                    Date: July 21, 2020

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2085CV00878 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Mahoney, John vs. Royston, LLC et al | | Dennis P. McManus, Clerk of Courts |
| TO: Michael M Kaplan, Esq. Law Office of Michael Kaplan 291 Main St Milford, MA 01757 | | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION

### DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/22/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 11/23/2020 | |
| All motions under MRCP 12, 19, and 20 | 11/23/2020 | 12/21/2020 | 01/20/2021 |
| All motions under MRCP 15 | 11/23/2020 | 12/21/2020 | 01/20/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 05/20/2021 | | |
| All motions under MRCP 56 | 06/21/2021 | 07/19/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/16/2021 |
| Case shall be resolved and judgment shall issue by | | | 07/25/2022 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time. **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 08/14/2020 | Anne O'Connor | (508)831-2361 |

Date/Time Printed: 08-14-2020 11:10:49   SCV026\ 09/2018